A. Alvarez y Hermanos, S. en C., como sucesora y liquidadora de A. Alvarez y Hermanos, demandante y apelada, *v.* Victoria R. de Alamo y Agustín Alamo, demandados apelantes.

No. 4687.—*Visto:* Noviembre 13, 1928. *Resuelto:* Diciembre 10, 1928.

*M. Benítez Flores,* abogado de los apelantes; *F. Soto Gras,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El 23 de julio último se presentó en este caso una moción solicitando la desestimación del recurso de apelación establecido contra la sentencia complementaria dictada en el mismo el 16 de mayo de 1928. El fundamento de la moción es el de no haberse radicado la transcripción de los autos dentro del plazo de treinta días a partir del en que se interpuso la apelación. Sus hechos 5, 6 y 7 dicen:

"V.—Que los demandados se limitaron a formular apelación contra la sentencia relacionada, el día 13 de junio de 1928.

"VI.—Que todos los procedimientos que han dado lugar a la sentencia apelada son los que arriba se expresan, o sea, la moción de la demandante sobre cumplimiento de sentencia complementaria (deficiency judgment), dictada en su consecuencia, sin que se hubiera presentado u ofrecido prueba oral o documental de clase alguna, y estando además los hechos de la moción admitidos por los demandados debido a su falta de contestación u oposición a dichos hechos.

"VII.—Que siendo innecesario o improcedente la exposición del caso o la transcripción de la evidencia, el término para radicar la transcripción del récord en la Secretaría de esta Hon.. Corte es de 30 días contados desde la fecha del escrito de apelación, y por tanto han transcurrido con exceso dichos 30 días."

Se pidió un señalamiento especial de la moción para antes de las vacaciones de la corte y no se accedió a ello, siendo la vista señalada para el 5 de noviembre de 1928. En dicho día comparecieron ambas partes. A petición del apelante se pospuso la vista para el día 13 del propio mes pudiendo

las partes radicar certificaciones y memorándums. El 9 de noviembre la parte apelada pidió que se adicionara a los autos una certificación de lo que según ella constituye el récord de la apelación. Además una certificación del taquígrafo José Morales que dice:

"1.—Que asistí como tal taquígrafo a la sesión celebrada por la Corte el día 14 de mayo de 1928, en la cual se sometió por la demandante en el caso arriba indicado la moción sobre cumplimiento de sentencia.

"2.—Que en relación con esa moción, al ser sometida, o en ninguna otra ocasión posterior, las partes presentaron prueba testifical ni oral alguna que fuera incluida en el récord taquigráfico tomado por mí de las sesiones de la Corte.

"3.—Que por ese motivo al ser ordenada por la Corte la transcripción de la evidencia con fecha 19 de junio de 1928, manifesté al Hon. Juez proveyente y al abogado de los demandados, que me sería imposible hacer transcripción alguna de evidencia no presentada según mis notas.

"4.—Que no obstante esa actitud mía, los demandados han pedido y obtenido varias prórrogas para preparar la transcripción mencionada, pero el taquígrafo que suscribe no ha efectuado ni efectuará trabajo alguno de transcripción de evidencia que no conste de sus notas fuera ofrecida o admitida como prueba, a menos que se le ordene específicamente la transcripción que se interesa, si ello procediere en derecho."

Nada presenta la parte apelante.

El día 13 de noviembre volvieron a comparecer ambas partes por sus abogados sosteniendo una su moción de desestimación e impugnándola la otra.

Creemos que tiene razón la parte apelada. No era necesaria transcripción de evidencia alguna. Todo lo que se requería para preparar la apelación estaba listo y a disposición del apelante. Este ha dejado transcurrir más de cinco meses sin archivar un récord que pudo serlo holgadamente dentro del término de treinta días que concede la ley para tales casos.

Las diferentes prórrogas que se solicitaron por la parte

apelante en la corte inferior lo fueron basándose "en que el taquígrafo no había tenido tiempo material para preparar la transcripción de los autos, solicitada a los efectos de la apelación establecida." Conocemos lo que dice el taquígrafo. En esta Corte Suprema no se ha solicitado prórroga del término de ley para archivar la transcripción.

*Debe desestimarse el recurso.*